[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner Darrell Atkinson (Atkinson) in a two count amended petition seeks a new trial asserting ineffective assistance of counsel.
Attorney Thomas Conroy represented Atkinson who was convicted in 1994 of the crimes of felony murder; robbery first degree; conspiracy to commit robbery first degree and attempted assault first degree. In a second case which was consolidated with the first case, the petitioner was convicted of escape in the first degree; and assault in the second degree. (See State v. Atkinson,235 Conn. 748 (1996) 670 A.2d 276).
At this trial seeking a habeas corpus the petitioner was represented by Attorney Robert C. McCoy who failed to file a post trial memorandum ordered by the court.
The petitioner alleges that Conroy failed to call alibi witnesses and that he failed to impeach witnesses presented by the state who attempted to establish petitioner's presence at the scene. CT Page 12736
The petitioner called five witnesses at the habeas hearing.
In addition to the testimony of the petitioner, Attorney Conroy testified that he argued a motion to suppress the statement given by the petitioner that he was at the scene of the crime. Attorney Conroy testified that it would be damaging to his client to put the alibi witnesses on the stand to contradict the petitioner's statement that he was at the scene at the time the crime was committed. Atkinson had asked that Conroy represent him on the charges because he had represented him before. Conroy testified he was working on a plea bargain when the petitioner escaped. The plea bargain was going to be for a sentence in the twenties on substituted "B" Felonies. Then the escape which led to the second case, Conroy was still at work for "B" Felonies. Conroy had the list of witnesses but he still as trial strategy wanted to get Atkinson's statement suppressed. After losing the motion to suppress, Conroy's second theory was to raise a reasonable doubt that Atkinson shot the victim although he was at the scene. Conroy's strategy was that Atkinson was a spectator and not the shooter. Conroy felt it would not be effective to have the statement that Atkinson was there to put on alibi witnesses that he was not. Also he was concerned as to how Atkinson's girlfriend would testify.
Another witness that Atkinson called at the habeas hearing, Officer Outlaw, did not know what Atkinson was talking about as not being at the scene nor did he confirm previously when interviewed by Conroy that he could testify as an alibi witness for Atkinson at trial.
Another witness called at the habeas hearing, Margaret Atkinson Ocascio, the petitioner's mother, testified that he was home at the time of the crime because she knew he had gone to a neighbor's upstairs apartment with Atkinson's girlfriend, Tomeka Hardy (Hardy). Ocascio had no way of knowing whether Atkinson left that apartment.
Hardy at the habeas hearing did not recall being in the neighbor's apartment at the time Ocascio stated.
The witnesses called by petitioner gave conflicting testimony to support any alibi now being presented at the habeas hearing. Hardy testified she never went upstairs to socialize as testified to by Atkinson's mother, Ocascio. CT Page 12737
In Strickland v. Washington, 466 U.S. 668 (citations omitted), the court laid down the standards for determining whether a petitioner under habeas proceedings was deprived of their constitutional right of effective assistance of counsel. The court held that the petitioner has the burden of proof to show that defense counsel's performance was not reasonable, competent or within the range of competence of attorneys with ordinary training and skill in the criminal law; and but for counsel's performance there is a reasonable likelihood that the result would have been different.
The respondent argues (Post Trial Brief dated August 3, 1999)
 "A court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgement. The court must then determine whether, in light of all of the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgement". Strickland V. Washington, supra, 466 U.S. 690.
From all the evidence adduced at trial this court concludes that Atkinson has failed to meet his burden of proof for a new trial. This court concludes that counsel Conroy, made his decision not to call alibi witnesses was a reasonable professional judgment.
Accordingly, petition is denied.
Frank S. Meadow Judge Trial Referee CT Page 12738